UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-8370-DMG (MAAx) | Date | November 21, 2022 |
|---|---|---|---|
| Title | *Sarah Ruba v. David Taylor, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On November 16, 2022, Plaintiff Sarah Ruba filed a Complaint in this Court asserting claims under California law against Defendants David Taylor, Diary Music Publishing, Inc., Diary Productions, Inc., f/k/a Diary Records, Inc., and Diary Publishing, Inc. [Doc. # 1.] In her Complaint, she alleges that she is a resident of Ontario, Canada; Taylor is a resident of Los Angeles, California; Diary Music Publishing, Inc. is a California corporation with its principal place of business in either California or New York; and Diary Productions, Inc. is a California corporation with its principal place of business in either California or New York. *Id*. at ¶¶ 11-15. She also alleges that, although she signed a contract that was purportedly with Diary Publishing, Inc., she has been unable to discover whether this entity actually exists. *See id*. at ¶¶ 44, 16.

Ruba invokes this Court's diversity jurisdiction based in part on her allegations that she is a "resident" of Canada and Taylor is a "resident" of California. But as the Ninth Circuit has stated, "the diversity jurisdiction statute [. . .] speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Yet, Ruba has alleged that she is a "resident" of a foreign state, not a citizen of a foreign state. *See* 28 U.S.C. § 1332(a)(2) (federal courts have jurisdiction over civil cases between "citizens of a State and *citizens or subjects* of a foreign state") (emphasis added). Similarly, she has alleged that Taylor is a "resident" of California, not a citizen of California. *Cf. Kanter*, 265 F.3d at 857 (to be a "citizen" of a state within the meaning of the diversity statute, a natural person must also be a citizen of the United States).[1]

Ruba is therefore **ORDERED** to show cause why this action should not be dismissed, without prejudice, for lack of subject matter jurisdiction. By **December 5, 2022**, Ruba shall file

---

[1] Ruba has alleged sufficient facts to establish the citizenship of the corporate defendants for purposes of diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-8370-DMG (MAAx)** | Date | November 21, 2022 |
|---|---|---|---|
| Title | ***Sarah Ruba v. David Taylor, et al.*** | Page | 2 of 2 |

a response in which she identifies her own and Taylor's citizenship for purposes of diversity jurisdiction. Failure to timely respond, or failure to adequately support the basis for this Court's jurisdiction, will result in dismissal of this action, without prejudice.

**IT IS SO ORDERED.**